# JORDAN v. AMERICAN SECURITY AND TRUST COMPANY.

---

HUSBAND AND WIFE; WIDOW'S RENUNCIATION; WILLS.

1. It has always been the policy of the law to protect a wife, and to secure her a reasonable portion of her husband's estate.

2. Sec. 1176, D. C. Code [31 Stat. at L. 1377, chap. 854], providing that "if, in effect, nothing shall pass by such devise," a widow "shall not be thereby barred, whether she shall or shall not renounce as afore-

said," applies equally to devises of real estate and bequests of personal estate.

3. Where a husband, having a personal estate of the value of about $20,000, half of which his wife would take on his death in the absence of a will, bequeaths her $10 by his will, which falsely recites that she had already been satisfactorily provided for, it is not necessary for her to renounce the bequest in order to take the share of the estate which the law gives her. (Construing secs. 1172 and 1176, D. C. Code, providing that a devise or bequest to a wife shall be considered to bar dower and reasonable parts, unless she shall renounce within six months; that by renunciation she shall be entitled to a one-third part of the personal estate; and that "if, in effect, nothing shall pass by such devise, she shall not be thereby barred, whether she shall or shall not renounce as aforesaid, it being the intent hereof that a widow accepting or abiding by a devise in lieu of her legal right shall be considered a purchaser with a fair consideration.")

No. 2361.   Submitted February 8, 1912.   Decided March 4, 1912.

HEARING on an appeal by the complainants from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity to establish rights claimed by the complainants in a decedent's estate.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal by Llewellyn Jordan, Molyneaux L. Turner, William L. Putnam, executors of the will of Anna Lowell Woodbury, deceased, involves a decree in the supreme court of the District dismissing appellants' bill of complaint as executors of Anna L. Woodbury, against the executor and residuary legatees of her husband, Dr. Henry E. Woodbury.

Dr. Woodbury was a resident of the District of Columbia, and died here on January 15, 1905, leaving surviving him his widow, Anna L. Woodbury, and a nephew, Molyneaux L. Turner, sole heir at law and next of kin. . The Woodburys were married in 1868, separated about two years thereafter, but were never divorced.   There were no children by the marriage. Dr. Woodbury, at the time of his death, was the owner of real

estate approximating $20,000 in value, and personal estate of about the same value.

By his will, dated April 11, 1902, with its four codicils, Dr. Woodbury, after making a few minor bequests, devised and bequeathed the residuary estate, real and personal, to the Garfield Hospital and Children's Hospital. The following provision was made for his wife: "4th. I give to my wife, Anna L. Woodbury, the sum of ten dollars, *she having been satisfactorily provided for some years ago,* out of my estate, as per decree of the equity court of District of Columbia in the settlement of cause No. 2089, Equity Doc. No. 10."

On March 27, 1905, the executor named in the will, the American Security & Trust Company, filed a petition for the probate of that instrument. Thereupon Mr. Turner, the nephew, filed a caveat to the petition, in which Mrs. Woodbury joined, objecting to the probate of the will upon various grounds. Issues were formed which, upon trial, were determined against the caveators. On April 12, 1906, an order was entered upon the verdict admitting the will to probate and record. The heir at law prosecuted an appeal to this court* and to the Supreme Court of the United States, where, on April 5, 1909 [213 U. S. 257, 53 L. ed. 788, 29 Sup. Ct. Rep. 420], a final decision against him was rendered. After verdict in the trial court, Mrs. Woodbury, upon the advice of counsel, did not longer participate in the litigation. A renunciation of the provisions of the will in her favor was prepared by her counsel, and, on May 31, 1906, sent to Mrs. Woodbury. She received the letter inclosing the paper on the morning of June 1st, following. She was then confined to her bed as the result of an attack of valvular disease of the heart, and, while in no immediate danger, according to the heir, "yet she was in a serious condition." Upon the paper being read to her, she said: "Put it away; I will sign it later, as soon as I am able." Shortly thereafter she became unconscious and continued in that condition until Saturday morning, June 2d, when she died.

---

*29 App. D. C. 460.—REPORTER.

Mr. Turner, the nephew, was one of the executors of Mrs. Woodbury, and, it is alleged, willing that her rights as widow should be recognized. For this reason, it is further alleged, the filing of the bill in this cause was delayed until the decision in the Supreme Court of the United States. Within ten days after that decision the will was filed. In the bill it is averred that Mrs. Woodbury, as widow, at the time of her death, was vested in equity with the right and title to one half of the personal estate of her husband.

The defendants answered, proofs were taken, and, upon final hearing, the will was dismissed.

*Mr. Henry H. Glassie* and *Mr. Charles F. Carusi* for the appellants.

*Mr. William F. Mattingly* and *Mr. Stanton C. Peele* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The first question presented for our consideration is whether the bequest to Mrs. Woodbury was of such a character as to require a renunciation and election on her part. The protection of the wife and the securing to her of a reasonable portion of her husband's estate has ever been the policy of the law. No citation of authority is necessary to sustain this proposition. Under the common law obtaining in Maryland, a husband was not permitted to deprive his wife of her reasonable share of his estate, either directly or indirectly, and a bequest to the wife was not considered in lieu of her legal interest, she taking both. *Griffith* v. *Griffith,* 4 Harr. & M'H. 100, 120; *Coomes* v. *Clements,* 4 Harr. & J. 480. The provisional assembly of Maryland finally changed the rule of construction, so that the widow was required to elect between the testamentary provision and her legal share. Acts of 1699, chap. 41; 1704, chap. 20; 1715, chap. 49. In the Act of 1729, chap. 24, secs. 10, 11, which was a practical re-enactment of prior legislation, it was provided: "Where a testator bequeaths or

devises *a considerable part of his personal estate* to his wife, and it appears not in any part of his will or codicil that he intended his said devise as a legacy only to his wife, and that she might nevertheless have the third part of his remaining estate, it shall be at the election of such wife  *  *  *  to make her election," etc.   In 1798 the so-called testamentary act was passed in Maryland.   In this act prior legislation relating to the rights of widows to the real and personal estates of their deceased husbands was revised and codified.   2 Kilty Laws (Md.) 1798, chap. 101, subchap. 13.   In *Coomes* v. *Clements,* supra, the court said:   "The several acts of assembly relating to the right of the wife to a part of the personal estate of her deceased husband, commencing with the act of 1699, down to the act of 1798, contain a clear, unequivocal, and explicit recognition of that principle of the common law which allows to the wife a reasonable part of the personal estate of her deceased husband.   *  *  *   If the deceased makes a will, and makes no bequest of any part of his personal estate to his wife, or an invalid or inoperative bequest to her, and dies, leaving a wife and no child, she shall have one half of the personal estate, because, as respects his wife, he died intestate; and this is in accordance with the decision in the case of *Griffith* v. *Griffith,* and is the just and sound exposition of the act of 1798, which declares that it is consonant to justice that a widow accepting or abiding by a devise, in lieu of her legal right, shall be considered as a purchaser with a fair consideration,  ·  if the devise proves invalid or inoperative.   A purchaser of what?   Her share or legal right, because that which was intended as an equivalent has proved to be of no value, and he dies intestate of his personal estate as to his wife."

Secs. 1 to 5, inclusive of subchap. 13, chap. 101, of said Act of 1798, became without material alterations secs. 1172 to 1176, inclusive, of our Code [31 Stat. at L. 1376, 1377, chap. 854]. Sec. 5 in the Maryland act provided that "if, in effect, nothing shall pass by such devise, she [the widow] shall not be thereby barred, whether she shall or shall not renounce as aforesaid, it being the intent of this act, and consonant to justice, that a

widow accepting or abiding by a devise, in lieu of her legal right, shall be considered as a purchaser with a fair consideration." This section became sec. 1176 of our Code, the phrase, "and consonant to justice," being omitted.

An examination of sec. 1176 and the four sections immediately preceding it shows that devises and bequests were used interchangeably in those sections.* Thus, sec. 1173 referred to "renunciation of bequest," which includes both devises and bequests. Sec. 1174 refers to "devise of both realty and personalty;" and sec. 1175 to "devise of either realty or personalty." The last provision in this section being "that if *the devise of either real or personal estate,* or of both, shall be expressly in lieu of her legal share of one or both, she shall accordingly be barred, unless she renounce as aforesaid." Sec. 1176 therefore applies equally to devises and bequests.

The recital in Dr. Woodbury's will that his wife had been "satisfactorily provided for" out of his estate, as per the equity decree mentioned, was not in accordance with the facts. According to that decree, Mrs. Woodbury thereby regained possession of about $6,000 of her own property. The situation

---

*Following are the sections of the Code referred to:

SEC. 1172. Devise in lieu of dower. Every devise of land or of any estate therein, or bequest of personal estate, to the wife of the testator, shall be construed to be intended in bar of her dower in lands or share of the personal estate, respectively, unless it be otherwise expressed in the will.

SEC. 1173. Renunciation of bequest. A widow shall be barred of her right of dower in the land or share in the personal estate by any such devise or bequest, unless within six months after administration may be granted on her husband's estate, she shall file in the probate court a written renunciation to the following effect:

"I, A B, widow of ————— late of —————, deceased, do hereby renounce and quit all claim to any bequest or devise made to me by the last will of my husband, exhibited and proved according to law; and I elect to take in lieu thereof my dower or legal share of the estate of my said husband."

But by renouncing all claim to a devise or bequest, or devises or bequests, of personal property, made to her by the will of her husband, she shall be entitled to one-third part of the personal estate of her husband

confronting us therefore comes to this: A husband with a personal estate amounting in value to about $20,000, half of which would vest in his wife in the absence of a will, leaves a will in which he in effect says that, having previously satisfactorily provided for her out of his estate, he leaves her $10. This recital is found to be incorrect and untrue. Must the widow, in such a situation, file a renunciation, and thereby, instead of taking one half of the personal estate to which she would have been entitled but for the will, take only one third under the provisions of sec. 1173 of the Code? In other words, must the widow, because of such a mistake or subterfuge on the part of her husband, be deprived of the difference between one half and one third of his personal estate? Such could not have been the intent of Congress in adopting the Maryland statute, since such was not the rule in Maryland. There, as we have seen, if that which was intended by the husband as an equivalent turns out to be in effect of no value, he is deemed to have died intestate of his personal property as to his wife. Any other rule thwarts the obvious purpose of the statute, when it is considered in the light of its history.

In the bequest under consideration the husband in effect

---

which shall remain after payment of his just debts and claims against him, and no more.

Sec. 1174. Devise of both realty and personalty. If the will of the husband devise and bequeath a part of both real and personal estate to the wife, she shall renounce the whole, or be otherwise barred of her right to both real and personal estate.

Sec. 1175. Devise of either realty or personalty. If the will devise only a part of the real estate, or bequeath only a part of the personal estate, the devise or bequest shall bar her of only the real or personal estate, as the case may require: *Provided, nevertheless,* That if the devise of either real or personal estate, or of both, shall be expressly in lieu of her legal share of one or both, she shall accordingly be barred, unless she renounce as aforesaid.

Sec. 1176. When nothing passed by the devise. If, in effect, nothing shall pass by such devise, she shall not be thereby barred, whether she shall or shall not renounce as aforesaid, it being the intent hereof that a widow accepting or abiding by a devise in lieu of her legal right shall be considered a purchaser with a fair consideration.—REPORTER.

says that, having already *satisfied* his wife's legal claim upon his personal estate, by giving her $6,000, he now gives her $10,—a pure gratuity. The testator himself having declared $6,000 as a fair equivalent for the legal claim of his wife upon his personal estate, and it developing that, if his will stands as to her, she will have received not $6,010, but $10, we think the conclusion is warranted that the 10-dollar bequest is nominal in character, and that in effect nothing passed to the wife under the will. We are not at liberty to indulge in any presumptions as to a prior arrangement between husband and wife, because the testator has informed us why he made such a small bequest to his wife. Instead of being a gratuity or sum in addition to that already bestowed, the $10 really constitutes the entire provision which the husband has made for his wife out of a personal estate of the value of $20,000. As a gift, as something additional, something not necessarily measuring and satisfying a legal right, a 10-dollar bequest would be viewed in a different light. Here the disparity between the $6,010 which the will represents as satisfying the widow's legal right, and the amount actually passing to her, is so great as to warrant the conclusion that the testator regarded the latter sum as a nominal, and not an actual, satisfaction of the claim of the wife.

We are not to be understood as holding that a bequest of $10 under other and different circumstances would not put a widow to an election. What we do hold is that where it may be determined, as here, that the $10 was intended as only a nominal satisfaction of the "legal right," to use the words of the statute, of the widow in the considerable personal estate of her husband, the widow is not called upon to renounce. By accepting such a bequest, she could not "be considered a purchaser with a *fair* consideration."

Our conclusion upon this branch of the case renders it unnecessary to determine the remaining assignments of error.

The decree is reversed, with costs, and the cause remanded for further proceedings.              *Reversed and remanded.*